[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Amica Mutual Insurance Company (Amica) seeks reimbursement from Hammonasset Ford Lincoln Mercury (Hammonasset) for property damage paid to its insured. The vehicles involved were driven by Deanne Hendler and Seth Greenlaw. Amica's claim is that the accident was caused by faulty repairs by Hammonasset to the Greenlaw vehicle. More specifically Amica claims that when the front end of the Greenlaw vehicle was serviced in September of CT Page 2019 1994, Hammonasset failed to replace the cotter pin on the left front wheel assembly, which permitted the wheel to fall off the Greenlaw vehicle on February 7, 1995, and caused the accident. The defendant Hammonasset claims Seth Greenlaw's own negligence was the proximate cause of the accident. Both cases were consolidated for trial.
The facts are as follows. On September 8, 1994 Elaine Greenlaw took her 1992 Ford van to Hammonasset for front end work which involved alignment of the front end and replacement of ball joints and camber kits. Between September of 1994 and the date of the accident, February 20, 1995, the van had been driven over 6,000 miles. Both Elaine Greenlaw and Seth Greenlaw experienced no problems with handling the van or in its operation after it had been repaired by Hammonasset.
On the day of the accident Seth Greenlaw was on his way home from school. He was traveling in a westerly direction on Airline Road in Clinton, Connecticut. Deanne Hendler was traveling in an easterly direction. The collision took place as Seth Greenlaw was negotiating a sweeping left-hand curve at the same time that Deanne Hendler was negotiating a sweeping right-hand curve.
Greenlaw was traveling in his own lane being pulled by centrifugal force away from the Hendler vehicle when the collision occurred. We determine from this that Hendler had crossed the center line into Seth Greenlaw's lane of travel when the two cars collided. The physical evidence conclusively establishes that the tire was still attached to the Greenlaw van when the collision occurred and that the force of the collision tore the tire off the Greenlaw van.
Plaintiff's claim that the tire fell off the van before the collision thus causing the van to collide with the Hendler vehicle is unsupported by any physical evidence. In fact the physical evidence is overwhelmingly that the tire was forcibly torn from the vehicle. The tire was damaged in several areas and went flat. The claim that a cotter pin was left off when the car was repaired thus causing the tire to disengage from the Greenlaw vehicle is totally refuted by the physical evidence. Hammonasset's expert Ronald Parsons pointed to markings on two distinct parts of the vehicle, establishing that the cotter pin was in place at the time of the collision. The cotter pin hole on the end of the spindle was scored in two locations by the cotter pin. In addition the castleated washer, which held the nut in CT Page 2020 place was also scored by the presence of the cotter pin. These marks could only have occurred when an outward force was applied to the wheel at the time of the accident. In normal use the markings could not have occurred and, there were no other parts in the area that could have caused these markings.
The fact that the cotter pin was not present at trial does not lead to a conclusion that it was not present and in place when the accident occurred. Because of the smallness of its size, approximately 1/16th of an inch and 2 inches or so in length, and the force of the collision it was most likely among the debris left behind when the Greenlaw vehicle was towed away.
From the facts found we conclude that the accident was not caused by the lack of a cotter pin or by any repairs done by Hammonasset. Accordingly judgment may enter in favor of the defendant Hammonasset Ford Lincoln Mercury.
Hennessey, J.